## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **MR. APPLIANCE LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Case Number: 6:17-cv-291** |
| | § | |
| **APPLIANCE SERVICES OF TENNESSEE, LLC, MARK A. LEBERTE, AND BELINDA LEBERTE** | § § § | |
| | § | |
| *Defendants.* | § | |

### PLAINTIFF'S INITIAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Mr. Appliance LLC ("Plaintiff," "MRA," or "Mr. Appliance") brings this action for preliminary and permanent injunctive relief, and damages, against its franchisees Appliance Services of Tennessee LLC, Mark A. Leberte, and, Belinda Leberte ("Defendants" or "Franchisee") based on the below violations of state and federal law.

### INTRODUCTION

1.      Plaintiff Mr. Appliance LLC is a franchisor of independently owned and operated companies that install and repair appliances. Since 1996, Mr. Appliance LLC has offered franchises which perform and provide service and repair on all major appliances for residential and commercial customers. There are 210 franchisees in the United States and Canada. Mr. Appliance LLC is a subsidiary of Dwyer Franchising LLC.

2.      Mr. Appliance provides its franchisees with a proven business system, along with certain rights to use Mr. Appliance's intellectual property, in connection with the operation of licensed franchise locations. In return, Mr. Appliance asks that they operate their franchise business in

accordance with Mr. Appliance standards, that they not affiliate with any unauthorized competing business, and that they otherwise live up to the terms of their franchise agreement.

3. The Mr. Appliance franchise system is based, in large part, on its strong reputation for offering a high level of customer service in accordance with its franchise system and code of values. Its system and code of values emphasize respect, integrity, customer focus, and a commitment to fair and transparent pricing. In an industry often plagued by stress and confusion, Mr. Appliance's reputation for offering a high and consistent level of customer service, quality, and value, has allowed it to stand above its competitors and obtain extraordinary success.

4. The defendants have enjoyed the fruits of Mr. Appliance's reputation and success. Appliance Services of Tennessee LLC, Mark A. Leberte, and, Belinda Leberte have all entered into agreements with Mr. Appliance. Pursuant to these agreements, and in exchange for the benefits of affiliation with Mr. Appliance and for obtaining its proven systems, Defendants agreed to (*inter alia*) respect and protect Mr. Appliance's trademarks and other proprietary materials and not to unfairly compete with Mr. Appliance by affiliating with any other competing plumbing business. When Mr. Appliance terminated Defendants' Franchise Agreement due to their breach of contract, Defendants continued to use Defendants' trademarks though they were notified that they had no legal justification to do so. Moreover, Defendants competed with Mr. Appliance through another business in violation of the parties' non-competition agreement.

5. Despite Defendants' contractual and other legal obligations to safeguard Mr. Appliance's brand and reputation and not to compete with it, on information and belief, the defendants have secretly controlled and profited from a competing businesses. The defendants have secretly and unlawfully diverted business from Mr. Appliance to this competing business, passing off those services for Mr. Appliance's, and unfairly profiting from Mr. Appliance's systems and reputation. The foregoing allegations are specifically identified by Plaintiff under FRCP 11 (b)(3), as likely to have

evidentiary support after a reasonable opportunity for further investigation and/or discovery in this case.

6.      Defendants' actions are harmful to consumers and threaten irreparable harm to Mr. Appliance's reputation and the goodwill apparent to its trademarks. Mr. Appliance therefore brings this action to seek preliminary and permanent injunctive relief against Defendants, ending Defendants' wrongful affiliation with Mr. Appliance and awarding Mr. Appliance damages and other appropriate relief.

## PARTIES

7.      Plaintiff Mr. Appliance LLC is a franchisor of independently owned and operated companies that install and repair appliances. It is a Texas limited liability company with its principal place of business in this county.

8.      Defendant Appliance Services of Tennessee LLC is a former Mr. Appliance franchisee. It may be served with process by its registered agent, Mark Leberte, at 203 Gloucester Court, Franklin, TN 37064 or its place of business at 820 Fesslers Parkway Nashville, TN 37210.

9.      Defendant Mark Leberte is personal guarantor of all debts of Appliance Services of Tennessee LLC. He may be served at his residence at 203 Gloucester Court, Franklin, TN 37064, or at his principal office at 820 Fesslers Parkway Nashville, TN 37210, or wherever he may be found.

10.     Defendant Belinda Leberte is personal guarantor of all debts of Appliance Services of Tennessee LLC. She may be served at 203 Gloucester Court, Franklin, TN 37064, or wherever she may be found.

## JURISDICTION & VENUE

11.     The Court has jurisdiction over the subject matter of this action because the amount in controversy exceeds the minimum required to invoke the jurisdiction of this Court, and because this Court has the power to grant the relief requested by Plaintiff.

12.     This action arises under, *inter alia*, the federal Lanham Act, 15 U.S.C. 1051 *et seq*. Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). Alternatively, jurisdiction is founded on diversity of citizenship and amount. Plaintiff is a limited liability company formed under Texas law with its principal place of business in Texas. Defendants are Tennessee citizens. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial number of events giving rise to the claims asserted in the Complaint occurred in this District and have caused Mr. Appliance harm in this district. Mr. Appliance and the defendants entered into agreements in this district wherein they agree to venue in this district. The defendants agreed to this forum as the exclusive venue to resolve disputes in Section 13.3 of the Franchise Agreement, attached as Exhibit A. See also Confidentiality Agreement, § 6. Defendants are subject to personal jurisdiction in the District and Division to which this action has been assigned. Defendants purposefully availed themselves to Texas by signing the contract which is the subject of dispute in Waco, Texas, traveling to Waco for franchisee training and sending money to Texas to pay license fees. Defendants also have such other contacts with Texas so as to render the exercise of jurisdiction over them by a Texas federal court consistent with traditional notions of fair play and substantial justice.

## FACTS COMMON TO ALL CLAIMS

14.     On December 11, 2008, Defendant Mark Leberte signed a ten-year long franchise agreement with Plaintiff. *See* Franchise Agreement attached as Exhibit A. On March 28, 2011, the Franchise Agreement was assigned to Appliance Services of Tennessee LLC, while keeping Mark Leberte and Belinda Leberte as guarantors. *See* Assignment attached as Exhibit B. On June 23, 2017, Mr. Appliance terminated the franchise agreement for noncompliance.

15.     The franchise agreement acknowledges that Plaintiff shared confidential information with Defendants as a result of the franchise relationship. *See* Section 9.1-9.2 of Exhibit A. That information was to remain secret. *Id.* Defendants acknowledged that the system and its customers are trade secrets of the Plaintiff. *Id.* Section 9 of the franchise agreement prohibited Leberte from engaging in a competitive business in the territory serviced for Plaintiff. It also prohibited interference with the business relationships of the Plaintiff, its franchisees and diverting business. It prohibited Leberte from inducing anyone to leave employment with a franchisee.

16.     Also as a result of the Franchise Agreement, Defendants had a limited license to use the following trademarks, among others, in the franchised business.

| Mark | Registration No. Filing Date | Class/Description |
|---|---|---|
| MR. APPLIANCE | 2176306<br><br>Jul 28, 1998 | 37   Installation, repair and refurbishment of all types of appliances. |
| MR. APPLIANCE EXPERT APPLIANCE REPAIR (and design)<br> | 2156331<br><br>May 12, 1998 | 37   Installation, repair and refurbishment of all types of appliances. |
| MR. APPLIANCE EXPERT APPLIANCE REPAIR (and van wrap design)<br> | 3508434<br><br>Sep 30, 2008 | 37   Installation, repair and refurbishment of all types of appliances. |

17.     Defendants underwent a contractual audit that revealed underreporting. Pursuant to the Franchise Agreement, Mr. Appliance sent Defendants made a demand for the money owed as well as the cost of the audit, which Mr. Appliance was entitled to under the Franchise Agreement.

Defendants refused to comply. This led to termination of the Franchise Agreement. After termination as a franchisee, Defendants no longer had a license to use the Mr. Appliance trademarks above. However, Defendants continued to use them. For example, on the website franklinappliancerepairshop.com, Defendants continue to advertise as Mr. Appliance, using the trademarks described above.



16.     Defendants are continuing to operate as Mr. Appliance as shown by the below invoice from a complaining customer. On July 18, 2017, Defendants performed work at the home of a customer using Mr. Appliance trademarks, as shown below.



18.     These advertisements and work were conducted without authorization from Mr. Appliance.

## CAUSES OF ACTION

### Count 1—Against All Defendants
### Federal Unfair Competition
### (15 USC § 1125(a))

19.     Paragraphs 1-18 are incorporated by reference as if fully set forth herein.

20.      Mr. Appliance owns all right, title, and interest in the Mr. Appliance® trademark, including U.S. Trademark Registration No. 2176306 in connection with the installation and repair of appliances. This mark was registered on July 28, 1998. This '306 registration is valid and subsisting and is incontestable.

21.     Mr. Appliance owns all right, title, and interest in the Mr. Appliance Expert Appliance Repair (and design)® trademark, including U.S. Trademark Registration No. 2156331 in connection with the installation and repair of appliances. This mark was registered on May 12, 1998. This '331 registration is valid and subsisting and is incontestable.

22.     Mr. Appliance owns all right, title, and interest in the Mr. Appliance Expert Appliance Repair (and van wrap design)® trademark, including U.S. Trademark Registration No. 3508434 in connection with the installation and repair of appliances. This mark was registered on September 30, 2008. This '434 registration is valid and subsisting and is incontestable.

23.     Mr. Appliance owns all right, title, and interest in the trademarks, including U.S. Trademark Registration Numbers 0933403, 0982684, 3722155, 1964249, 3684983, 3733777. These registrations are valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1065.

24.     Defendants have deliberately and willfully attempted to trade on Mr. Appliance's longstanding and hard-earned reputation and goodwill, including in connection with its trademarks,

by passing off their products and services as those of Mr. Appliance and by diverting customers seeking Mr. Appliance to their competing business.

25.     Defendants divert customers who seek the quality and value promised by the Mr. Appliance brand to the competing business, which does not offer quality on par with Mr. Appliance standards. Defendants thereby pass off inferior services as affiliated with Mr. Appliance, unlawfully appropriating the goodwill associated with the Mr. Appliance business, causing likely and actual consumer confusion, and irreparably harming Mr. Appliance's reputation in the marketplace. The foregoing allegations are specifically identified by Plaintiff under FRCP 11 (b)(3), as likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery in this case.

26.     Defendants' conduct as described above has also deprived and will continue to deprive Mr. Appliance of the ability to control the consumer perception of its products and services offered under its trademarks, placing the valuable reputation and goodwill of Mr. Appliance in the hands of Defendants.

27.     Defendants' conduct is likely to cause and in fact has caused confusion, mistake, and/or deception as to the affiliation, connection, and/or association of Defendants with Mr. Appliance in violation of the Lanham Act.

28.     Defendants had direct and full knowledge of Mr. Appliance's prior use of and rights in its marks. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

29.     As a result of Defendants' conduct, Mr. Appliance has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Mr. Appliance in its trademarks. This continuing loss of goodwill cannot be properly calculated or remedied in terms of money damages, and constitutes irreparable harm and an injury for which Mr. Appliance has no

adequate remedy at law. Mr. Appliance will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

### Count 2—Against All Defendants
### Unfair Competition

30.     Mr. Appliance repeats, realleges, and incorporates by reference paragraphs 1-29 as if fully set forth herein.

31.     The acts and conduct of Defendants as alleged above in this Complaint constitute unfair competition pursuant to Texas law, including through the passing off Defendants products and services as those of Mr. Appliance and by diverting customers seeking Mr. Appliance to their competing business.

32.     Defendants' acts and conduct as alleged has caused Mr. Appliance commercial damage, as well as the continuing loss of the goodwill and reputation. This continuing loss of goodwill cannot be properly calculated or remedied in terms of money damages, and constitutes irreparable harm and an injury for which Mr. Appliance has no adequate remedy at law. Mr. Appliance will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

### Count 3—Against All Defendants
### Infringement of Federally Registered Trademarks
### (15 USC § 1114(1)(a))

33.      Plaintiff realleges each and every allegation contained in paragraphs 1-32 above with the same force and effect as if the allegations were fully set forth herein.

34.     Mr. Appliance owns all right, title, and interest in the Mr. Appliance® trademark, including U.S. Trademark Registration No. 2176306 in connection with the installation and repair of appliances. This mark was registered on July 28, 1998. This '306 registration is valid and subsisting and is incontestable.

35.     Mr. Appliance owns all right, title, and interest in the Mr. Appliance Expert Appliance Repair (and design)® trademark, including U.S. Trademark Registration No. 2156331 in connection with the installation and repair of appliances. This mark was registered on May 12, 1998. This '331 registration is valid and subsisting and is incontestable.

36.     Mr. Appliance owns all right, title, and interest in the Mr. Appliance Expert Appliance Repair (and van wrap design)® trademark, including U.S. Trademark Registration No. 3508434 in connection with the installation and repair of appliances. This mark was registered on September 30, 2008. This '434 registration is valid and subsisting and is incontestable.

37.     Mr. Appliance owns all right, title, and interest in the trademarks, including U.S. Trademark Registration Numbers 0933403, 0982684, 3722155, 1964249, 3684983, 3733777. These registrations are valid and subsisting and is incontestable within the meaning of 15 U.S.C. § 1065.

38.     Defendants have used Mr. Appliance's '306, '331, '434, '403, '684, '155, '249, '983, and '777  marks in a manner that is likely to cause, and in fact has caused, confusion, mistake, and/or deception as to the affiliation, connection, and/or association of Defendants with Mr. Appliance.

39.     Defendants had both actual and constructive knowledge of the above-referenced trademarks. Defendants adopted, used, and continue to use in commerce Mr. Appliance's federally registered trademarks with full knowledge that their use was infringing. Defendants' actions constitute knowing, deliberate, and willful infringement of Mr. Appliance's federally registered marks. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

40.     As a result of Defendants' infringement, Mr. Appliance has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Mr. Appliance in its federally registered marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Mr. Appliance has no adequate remedy at

law. Mr. Appliance will continue to suffer irreparable harm unless this Court enjoins Defendants'
conduct.

## Count 4—Against All Defendants
### Breach of Contract

41.      Mr. Appliance repeats, realleges, and incorporates by reference paragraphs 1-40 as if
fully set forth herein.

42.      Plaintiff entered into a valid and enforceable agreement with Defendants.

43.      Defendants have breached their obligations to Mr. Appliance under the Franchise
agreement, including their obligations:

- Not to use Mr. Appliance's trademark, and other Marks used in connection with the franchise, used other than as allowed in the Franchise Agreement— including no use for the benefit of any business other than the Franchise. Franchise Agreement § 6.1 – 6.4; Confidentiality Agreement § 2.
- Not engage, participate, or derive any benefit from a competitive business. Franchise Agreement § 9.3; Confidentiality Agreement § 5.
- Not divert or solicit any customer, account or business from Franchisor or any other franchisee. Franchise Agreement § 9.3.1.5; Confidentiality Agreement § 2.

44.      All conditions precedent to Plaintiff's right to bring this action and recover the
requested relief has been performed, have occurred or been waived.

45.      As a direct and proximate result of the Defendants' breaches, Plaintiff has suffered
and will continue to suffer, damages in excess of the minimum jurisdictional limits of this Court,
although such damages are not readily ascertainable or measureable.

## Count 5—Request for Injunctive Relief

46.      Mr. Appliance repeats, realleges, and incorporates by reference paragraphs 1-44 as if
fully set forth herein.

47.     Mr. Appliance seeks a preliminary injunction. Mr. Appliance will likely suffer irreparable injury if Defendants are not enjoined while this suit is pending. There is no adequate remedy at law. As set forth above, given Defendants' conduct and blatant violations of the Franchise Agreement and the noncompetition agreement therein, there is a substantial likelihood that Mr. Appliance will prevail on the merits. The harm faced by Mr. Appliance outweighs any harm that would be sustained by Defendants if the preliminary injunction were granted. Issuance of a preliminary injunction would not adversely affect the public interest. Mr. Appliance is willing to post a bond in the amount the Court deems appropriate.

48.     Mr. Appliance seeks a permanent injunction. Mr. Appliance asks the Court to set its application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against Defendants.

## PRAYER FOR RELIEF

FOR THESE REASONS, Mr. Appliance prays for an Order and Judgment as follows:

1.     Entry of an order (on a preliminary and permanent basis) requiring that Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from:

(a) Using in any manner any Mr. Appliance trademark, or any name, mark or domain name that wholly incorporates the trademarks described herein, or is confusingly similar to or a colorable imitation of these marks;

(b) Using or displaying the word Mr. Appliance on any websites, products, or promotional materials in any false and/or deceptive manner; and

(c) Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers of Mr. Appliance products or services.

(d) Engaging in any further acts of infringement, or any other unlawful conduct, as alleged herein.

2.       Directing Defendants to provide an accounting of profits made by Defendants as a result of Defendants' unlawful conduct;

3.       Ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon within thirty (30) days after entry of the injunction a written report under oath describing in detail the manner and form in which Defendants have complied with the injunction, including ceasing all offering of services under Mr. Appliance's name and marks as set forth above;

4.       Ordering Defendants to pay a judgment in the amount of Mr. Appliance's actual damages under 15 U.S.C. § 1117 and state law, as well as Defendants' profits, and pre- and post-judgment interest pursuant to 15 U.S.C. § 1117, in an amount to be proven at trial;

5.       Ordering Defendants to pay Mr. Appliance's reasonable attorneys' fees and costs of this action under 15 U.S.C. § 1117 and/or state law;

6.       Ordering Defendants to pay a judgment for enhanced damages under 15 U.S.C. § 1117 and punitive damages under state law as appropriate; and

7.       Granting Mr. Appliance such other and further relief as the Court deems just and proper.

Dated: October 23, 2017

Respectfully submitted,

*Jim Dunnam*
JIM DUNNAM
State Bar No. 06258010
jimdunnam@dunnamlaw.com
ANDREA MEHTA
State Bar No. 24078992
andreamehta@dunnamlaw.com
DUNNAM & DUNNAM LLP
4125 West Waco Drive
Waco, TX 76710
(254) 753-6437 Telephone
(254) 753-7434 Facsimile

**ATTORNEYS FOR PLAINTIFF**